UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FRANKLIN HAMMITT, | No. 2: 16-cv-2644 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a Butte county inmate, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Title 28 U.S.C.§ 1915(a)(2) provides that applications to proceed in forma pauperis made by prisoners shall include a certified copy of the trust fund account statement for the prisoner for the 6 month period immediately preceeding the filing of the complaint. In support of his application, plaintiff did not include a copy of his jail trust fund account statement for the 6 month period preceeding the filing of the complaint.

Attached to plaintiff's in forma pauperis application is a grievance form submitted by plaintiff to jail officials on October 31, 2016. (ECF No. 2 at 3.) Plaintiff writes in his grievance that he put in multiple requests for a copy of his account history "for the court to establish indigents. Have received no response to my request." (Id.)

In response to this grievance, plaintiff received a memorandum from Sergeant Brownfield stating,

> You were given your balance when you came into custody and you are given a receipt every time there is a deduction off your account. You can check your account balance any time on the kiosk in your housing unit. We do not offer account histories for inmate accounts upon request. Documents can be subpoenaed by the court if they are necessary in your proceedings. Grievance denied.

(Id.)

As discussed above, plaintiff is required to submit a trust fund account statement for the 6 month period immediately preceeding the filing of the complaint with his application to proceed in forma pauperis. It does not appear that the balance and receipt documents referred to in Sergeant Brownfield's memorandum comply with the requirements of 28 U.S.C. § 1915. The court also does not subpoena trust account statements on inmates' behalf.

No defendants have been served in this action. Usually, persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith v. Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary and appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The undersigned is concerned that plaintiff will not be able to proceed with this action, and the court may lose jurisdiction, if Butte County Jail officials do not provide him with the trust account statement required by 28 U.S.C. § 1915. The undersigned also observes that the portion of plaintiff's in forma pauperis application requiring certification by jail officials is not filled out. (ECF No. 2 at 2.) It is unclear why the certification is not completed. Accordingly, pursuant to the All Writs Act, the Butte County Sheriff is ordered to file a status report addressing plaintiff's

ability to obtain the trust account statement required by 28 U.S.C. § 1915(a)(2).  The Sheriff shall also address plaintiff's ability to obtain a completed certification form, as discussed above.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, the Butte County Sheriff shall file the status report discussed above;

2. The Clerk of the Court is directed to serve a copy of this order and plaintiff's application to proceed in forma pauperis (ECF No. 2) on the Butte County Sheriff, 33 County Center Drive. Oroville, CA, 95965;

3. The Clerk of the Court is directed to serve a copy of this order and plaintiff's application to proceed in forma pauperis (ECF No. 2) on the Butte County Counsel, 25 County Center Drive, Suite 210, Oroville, CA, 95965.

Dated:  December 8, 2016

Hamm2644.alw

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE